BARKETT, Judge.
This appeal is from a final judgment denying appellant’s claim under a theory of subrogation. We reverse.
In March, 1982, appellant James Dolan sold his residence located in Broward County to appellee Glenn Borregard. Dolan received a purchase money second mortgage in the amount of $160,000.00. Several years prior to the sale Borregard’s wife had obtained a judgment lien against Borregard in the amount of $5,000.00.
In late 1982, Dolan attempted to assign the payments due under this mortgage to a local mortgage company. The mortgage company and its title insurance company notified Dolan of the existence of the prior recorded judgment lien against Borregard. Following the advice of its title insurance company, the mortgage company refused to purchase the payments or take an assignment of the mortgage until the lien was satisfied.
Dolan contacted Borregard and asked that the judgment lien be resolved. After several weeks of inaction, Dolan contacted counsel for Borregard’s wife and was advised that a satisfaction of the lien would not be executed until the judgment was paid. Dolan paid the $5,000.00 judgment. He received a satisfaction which extinguished the obligation of record. He then assigned his interest in the mortgage and brought this action against Borregard to recover the $5,000.00 paid to satisfy the judgment.
The mortgage executed by appellee provides that the “mortgagor hereby further covenants and agrees ... to pay all and singular the taxes, assessments, levies, liabilities, obligation, and encumbrances of every nature on said property ... [and] [i]n the event the mortgagor fails to pay when due any tax, assessment, insurance premium or other sum of money payable by virtue of said note and this mortgage, or either, the mortgagee may pay the same, without waiving or affecting the option to foreclose or any other right hereunder, and all such payments shall bear interest from the date thereof at the highest lawful rate then allowed by the laws of the state of Florida” (emphasis added).
Accordingly, under the mortgage, Dolan was justified in paying the lien which constituted an encumbrance on the property, and therefore should have prevailed.
REVERSED AND REMANDED for the entry of a judgment on behalf of appellant Dolan.
HERSEY and DELL, JJ., concur.